**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | §   **CASE NO. 4:20-CR-442** |
| **v.** | § |
| | § |
| **JESUS ANTONIO PEREZ-GONZALEZ** | § |

### PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Jennifer Stabe, Assistant United States Attorney, and the defendant, Jesus Antonio Perez-Gonzalez ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count Eleven, Count Twelve, and Count Thirteen of the Second Superseding Criminal Indictment. Count Eleven, charges Alien in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1)(5) and 924(a)(2). Count Twelve and Count Thirteen charges Aiding and Abetting a False Statement During Purchase of a Firearm, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(2) is imprisonment of up to 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment

of up to 3 years. *See* Title 18, United States Code, Section 3559(a)(1) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release, which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he is not eligible for parole.

3. The **statutory** maximum penalty for each violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2 is imprisonment of not more than 10 years and a fine of not more than $250,000.00. Additionally, Defendant shall receive a term of supervised release after imprisonment of not more than 3 years. *See* Title 18, United States Code, Section 3559(a)(3) and Title 18, United States Code, Sections 924(a)(2), and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he is not eligible for parole.

### Mandatory Special Assessment

4. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count Eleven, Twelve, and Thirteen of the Superseding Criminal Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in this indictment and move to dismiss Count Fourteen at the time of sentencing.

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

## Agreement Binding - Southern District of Texas Only

10. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

5

provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to

testify. However, if Defendant desired to do so, he could testify on his/her own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charge contained in Count Eleven, Twelve, and Thirteen of the Superseding Criminal Indictment. The parties agree that this factual basis does not include all relevant conduct that may be considered by the Court for sentencing purposes. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

### COUNT ELEVEN

On July 11, 2021, a vehicle attempting to enter Mexico at the Hidalgo, Texas Port of Entry was found to contain approximately one hundred and thirteen firearms, being illegally exported into Mexico. Agents were able to determine that eleven of these firearms were purchased by a sole individual, hereafter referred to as the cooperating defendant (CD). In addition to these eleven firearms, three additional firearms recovered in Mexico were traced to the CD.

The CD agreed to cooperate with investigators and identified the person whom he/she sold these and other firearms to. Investigators were able to corroborate the information and identified the subject as the defendant, Jesus Antonio Perez-Gonzalez. Investigators determined Perez-Gonzalez was unlawfully present in the United States.

The CD provided messages from Perez-Gonzalez requesting she/he obtain additional firearm(s). At the direction of investigators, on January 26, 2022, the CD sent Perez-Gonzalez photographs of two ATF owned firearms. Perez-Gonzalez engaged the CD in negotiating a price for both firearms and they agreed to meet the following day.

On January 27, 2022, Perez-Gonzalez met with the CD and an ATF undercover agent in the parking lot located at 3333 Telephone Road, in Houston, Texas, in the Southern District of Texas. Perez-Gonzalez briefly met with the CD and provided him/her with $2100.00 for the two ATF owned firearms, took possession of the firearms from the vehicle of the CD, and placed them into his vehicle.

After taking possession of the firearms, Perez-Gonzalez was taken into custody by law enforcement. The $2100 Perez-Gonzalez used to purchase the firearms was seized by law enforcement. Perez-Gonzalez at first refused to identify himself, but after being fingerprinted, confirmed his identity and that he was unlawfully present in the United States.

The two ATF owned firearms purchased by Perez-Gonzalez were Zastava, model M70 AB2, 7.62 caliber AK-style rifles bearing serial numbers 800302 and 800281. Per an ATF Nexus expert, the firearms were not manufactured in the United States and therefore traveled in interstate or foreign commerce before being in the defendant's possession.

### COUNT TWELVE

After arresting Perez-Gonzalez, agents were able to access his phone and viewed strings of Facebook messages between Perez-Gonzalez and co-defendant Felix Rios. Upon obtaining the Facebook records, there were numerous conversations between Perez-Gonzalez and Rios regarding purchasing firearms. The communications began in February 2021 and continued until Perez-Gonzalez's arrest in January of 2022.

In particular – on January 14, 2022, Perez-Gonzalez messaged to Rios that he needed another AK style rifle. Two days later, on January 16, 2022, Rios advised Perez-Gonzalez that he had another AK rifle and provided a price of "$11" (meaning $1,100). The two agreed to meet at Perez-Gonzalez's apartments to conduct the deal. On the message string, Perez-Gonzalez sent Rios his address and the two met the evening of January 16, 2022, after 9 pm.

During every firearm transaction, the purchaser is required to fill out an ATF Form 4473, also called a Firearms Transaction Record. The ATF Form 4473 contains questions regarding identifying information of the buyer of the firearm. Additionally, the 4473 contains a question about the purchaser being the actual transferee or buyer of the firearm. If an individual answers "no" to that question, a firearms licensee cannot transfer the firearm to the purchaser. The answer to that question is material to the sale of the firearm.

ATF agents retrieved information on Rios' purchases of firearms. On January 16, 2022, Rios purchased two PSAK-47's from an FFL at a gun show in Pasadena, Texas, in the Southern District of Texas. The FFL confirmed with ATF that Rios provided a driver's license during the purchase of firearms including the January 16, 2022, purchase of two Palmetto State Armory, model PSAK47 GF3, 7.62x39 caliber rifles and provided the ATF Form 4473's where Rios made a materially false statement, that he was purchasing the guns for himself. As part of his plea, Perez-Gonzalez agrees that Rios was purchasing the firearm for Perez-Gonzalez.

Through the date of his arrest on January 27, 2022, Perez-Gonzalez continued to request firearms from Rios and the evidence shows Rios continued buying firearms and selling them to Perez-Gonzalez.

### COUNT THIRTEEN

During review of Perez-Gonzalez's phone, agents located a clear photo of a Glock 19 Gen 4 with the serial number VFU843 that Perez-Gonzalez sent on May 29, 2021, to another individual. Using the serial number, investigators located the purchaser of that firearm to be co-defendant

8

John Herrera, III. According to the ATF Form 4473, Herrera purchased the firearm two days earlier on May 27, 2021, from Tomball Pawn & Jewelry, in the Southern District of Texas. On the ATF Form 4473, Herrera made a materially false statement, that he was the buyer of the firearm, when in fact he was purchasing it on behalf of Perez-Gonzalez.

The same Glock 19 pistol bearing serial number VFU843 was recovered on July 11, 2021, in the seizure of 113 firearms at the Hidalgo, Texas Port of Entry discussed earlier. During an interview with ATF, Herrera stated the firearms he was purchasing were going to Perez-Gonzalez.

As part of this plea agreement, the defendant agrees to forfeit any and all firearms, ammunition, and United States currency seized in this investigation.

At trial, the United States would have introduced the ATF Form 4473's, testimony from the agents conducting surveillance during the undercover deal, testimony from the undercover officer that assisted delivering the firearm to the defendant, testimony from cooperating defendants, and testimony from the Nexus expert who examined the firearms.

## Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of

9

property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

19. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

20. If applicable, Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of her criminal conduct, the victim(s) incurred a monetary loss of at least $ 0. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant

agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.

## Forfeiture

21. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22. Defendant stipulates and agrees that Defendant used at least $2100.00 in furtherance of criminal offenses and that the factual basis for his guilty plea supports the forfeiture of $2100.00.

23. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25. Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

Case 4:21-cr-00442   Document 316   Filed on 04/10/23 in TXSD   Page 12 of 13

## Complete Agreement

27. This written plea agreement, consisting of 13 pages, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on ___April 10___, 2023.

_____
Defendant

Subscribed and sworn to before me on ___April 10___, 2023.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Alamdar S. Hamdani
United States Attorney

By:   _/s/ Jennifer Stabe_          _____
       Jennifer Stabe                Attorney for Defendant
       Assistant United States Attorney
       Southern District of Texas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | §   CASE NO. 4:20-CR-442 |
| v. | § |
| | § |
| JOSE ANTONIO PEREZ-GONZALEZ | § |

PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending criminal indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        ____4/10/23____
Attorney for Defendant                 Date

I have consulted with my attorney and fully understand all my rights with respect to the criminal information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____        ____4/10/23____
Defendant                              Date

13